UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|             Plaintiff, | ) | |
| v. | ) | No. 13 CR 50063-1 |
| | ) | Judge Iain D. Johnston |
| Perry King, | ) | |
|             Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Perry King has filed a second motion under 18 U.S.C. § 3582(c)(1)(A)(i) seeking compassionate release. For the reasons that follow, Mr. King's second motion for compassionate release [63] is denied.

**BACKGROUND**

On June 16, 2014, Mr. King was indicted on one count of possession with intent to distribute heroin, *see* 21 U.S.C. § 841, and one count of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g). Dkt. 2. In his plea agreement, the government dropped the heroin offense in exchange for him pleading guilty to the firearm offense, as well as his agreement that he was an armed career criminal because of previous state convictions for a violent felony or a serious drug offense: a 1997 conviction for possession with intent to deliver a controlled substance and for aggravated battery, a 2005 conviction for domestic battery, and a 2008 conviction for aggravated battery. Dkt. 28 at 4, 6-7. Under the Armed Career Criminal Act, 18 U.S.C. § 924(e), a person who violates § 922(g) and has three previous convictions for a violent felony or serious drug offense is subject to a minimum sentence of 15 years' imprisonment. At his October 1, 2014, sentencing United States District Judge Kapala, who has since taken inactive senior status, adopted the sentencing calculations set out in Mr. King's Presentence Investigation Report, including that he was an armed career criminal. Dkt. 40. Judge Kapala adopted the PSR's calculation of his sentencing range under the U.S. Sentencing Guidelines, specifically that his total offense level was 31, his criminal history points were 15 and therefore his criminal history category was VI (based upon both his point total and his status as an armed career criminal), and his sentencing range was 188 to 235 months. Dkt. 40. Judge Kapala sentenced him to 188 months, the low end of the range but above the 15-year minimum. Dkts. 39 and 40.

Mr. King did not appeal, and in fact had waived his right to take a direct appeal of his conviction or the sentence imposed, or to bring any collateral attack. Dkt. 28 at 13. However, the waiver did not apply to claims of involuntariness or ineffective assistance of counsel related to the plea agreement, or prohibit him from seeking a sentence reduction based on a change in the applicable law that was expressly made retroactive. *Id.* at 13-14.

On June 21, 2016, he filed a motion under 28 U.S.C. § 2255 arguing that his none of his three prior convictions for battery qualified as a violent felony based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and therefore he should no longer be subject to the 15-year minimum sentence under § 924(e). *See United States v. King*, No. 16 CV 50196 (N.D. Ill.), Dkt. 1. In response, the government conceded that the 2008 aggravated battery was no longer a violent felony for purposes of § 924(e). *Id.* at Dkt. 9. But Judge Kapala denied Mr. King's § 2255 motion, rejecting his argument that the 1997 and 2005 batteries were no longer violent felonies under *Johnson*, and because his 1997 state conviction for possession with intent to deliver cocaine served as the third prior conviction for a violent felony or serious drug offense necessary to qualify as an armed career criminal. *Id.* at Dkt. 11. Mr. King appealed the denial of his § 2255 motion. *Id.* at Dkt. 13. The Seventh Circuit construed his notice of appeal as being a request for a certificate of appealability, and on April 9, 2018, denied the request. *Id.* at Dkt. 20.

In April 2021 Mr. King filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), known as the First Step Act. He offered two extraordinary and compelling reasons he argued entitled him to early release: (1) high blood pressure puts him at greater risk of developing serious complications should he contract COVID-19; and (2) his state cocaine conviction can no longer serve as a predicate offense under the Armed Career Criminal Act in light of *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). In *Ruth*, decided on a direct appeal, the Seventh Circuit held that Illinois law covers more types of cocaine than federal law, and therefore an Illinois cocaine conviction cannot serve as a predicate offense for a federal statutory sentencing enhancement. The Court denied the motion. First, it concluded that his high blood pressure risk of complications from COVID were not an extraordinary and compelling release for compassionate release. Second, it held that a motion for compassionate release was not the proper vehicle for challenging his sentence based on *Ruth*. As a result, it did not address the merits of his arguments under *Ruth*.

Before the Court is Mr. King's second motion for compassionate release. He offers what he contends are two extraordinary and compelling reasons entitling him to an early release: (1) he again argues that high blood pressure puts him at greater risk of developing serious complications should he contract COVID-19, and adds that his body mass index of over 32 and being African-American also raise his risk of developing serious complications; and (2) he again argues that his Illinois cocaine conviction can no longer serve as a predicate offense under the Armed Career Criminal Act, but this time argues that the change in law brought about by *Ruth* is a "extraordinary and compelling" reason under U.S.S.G. § 1B1.13(b)(6) because he has completed more than 10 years of an extraordinarily long sentence, and because of a gross disparity between his sentence as an armed career criminal and what he would have received without that enhancement, which he contends would have been capped at 120 months.

## ANALYSIS

Under the First Step Act, a court may reduce a defendant's sentence based on a motion by either the director of the Bureau of Prisons brought on the defendant's behalf, or one brought by the defendant himself. *See* 18 U.S.C. § 3582(c)(1)(A). A reduction under § 3582(c)(1)(A)(i) may be based only on "extraordinary and compelling reasons," must be consistent with applicable policy statements of the U.S. Sentencing Commission, and must take into account the

sentencing factors set out at 18 U.S.C. § 3553(a). The applicable policy statements are found in the U.S. Sentencing Guidelines at § 1B1.13, which lists the types of extraordinary and compelling reasons that warrant a compassionate release. Mr. King raises two. First, "health risk factors" that put the defendant "at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease." U.S.S.G. § 1B1.13(b)(1)(D)(i). Second,

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The defendant bears the burden of establishing that he or she is entitled to compassionate release under the First Step Act. *See United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020). Before filing such a motion himself, a defendant must first ask his warden to seek a reduction on his behalf and either exhaust all administrative remedies if the request is declined, or wait 30 days after making the request, whichever comes first. *See* 28 U.S.C. § 3582(c)(1)(A). The parties agree that Mr. King exhausted his administrative remedies before filing his motion under the First Step Act, *see* Response [65] at 9-10, so the Court will assume he did.

I. **Extraordinary and Compelling Reason**

A. **Health Risk Factors**

Mr. King argues that his high blood pressure, his high body mass index, and being African-American raise his risk of serious complications should he contract COVID-19. He further argues that his risk of contracting COVID-19 is now higher because his facility is no longer taking precautionary measures against the virus, for instance it is no longer testing, social distancing, disinfecting, or mandating masks. He has not attached supporting medical documentation, but medical records attached to his original motion noted that his high blood pressure "is not particularly well controlled," though his "10-year cardiac risk does not meet the treatment threshold," and he was advised to "reduce his sodium intake." Medical Records [55] at 2. The records also noted that he has refused the COVID-19 vaccine. Supplemental Motion [49] at 84.

"[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. King has not asserted that he is unable to receive the vaccine because of allergies or a previous adverse reaction to vaccines. Accordingly, any elevated risk "is self-incurred." *Id.* Despite the reported

lack of precautions, according to the Bureau of Prisons' website, Mr. King's currently facility, FCI Butner, reports just one open case of COVID-19. *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited April 16, 2024).

Because Mr. King has not established that he is unable to receive the COVID-19 or that conditions at his facility leave him at an elevated risk of complications from COVID-19, his underlying health conditions do not establish an extraordinary and compelling reason for a compassionate release.

### B. Unusually Long Sentence

Next, Mr. King argues that changes in sentencing laws after he was sentenced offer another extraordinary and compelling reason to grant him a compassionate release. Specifically he relies on *United States v. Ruth*, 966 F.3d 642, 650 (7th Cir. 2020), in which the Seventh Circuit concluded that Illinois defines cocaine more broadly than federal law and, as a result, convictions under Illinois law for cocaine offenses cannot serve as predicate offenses for a sentencing enhancement under a federal statute. Mr. King's prior conviction for a cocaine offense in Illinois was one of the three required convictions underlying his designation as an armed career criminal subject to a minimum 15-year sentence, and he contends that without it he would have been sentenced to no more than 10 years.[1] Mr. King argues that the change in law brought about by *Ruth*, and the fact that he has now completed more than 10 years of his more than 15 year sentence, constitute an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(6).

*Ruth* did not establish new law. It merely employed the categorical approach adopted long ago by the U.S. Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach, a state conviction can serve as a predicate offense for a sentencing enhancement under a federal statute only if the elements of the state offense match or are more narrow than the federal or generic version of that offense. *See Ruth*, 966 F.3d at 646. The court determined in *Ruth* that Illinois law defined cocaine more broadly than federal law because Illinois' definition includes positional isomers, while federal law does not. *Id.* at 647. As a result, Ruth's Illinois conviction for a cocaine offense could not serve as "a prior conviction for a felony drug offense" subjecting him to a 30 year minimum sentence rather than a 20 year minimum sentence under 21 U.S.C. § 841(b)(1)(C). *Id.* at 650.

"The 'basis and authority' for *Ruth* were in place since 1990, when the Supreme Court first laid out the categorical approach in *Taylor*." *White v. United States*, 8 F.4th 547, 556 (7th Cir. 2021). As a result, in *White* the Seventh Circuit concluded that *Ruth*'s approach was not novel. *Id.* at 557. Although *White* involved the issue of procedural default under 28 U.S.C. § 2255, for the same reasons *Ruth* did not constitute a "change in the law" in *White*, it does not

---

[1] Mr. King does not explain why he thinks he would have been sentenced to no more than 10 years had he not been an armed career criminal. The statutory maximum sentence for a violation of 18 U.S.C. § 922(g) is 15 years. *See* 18 U.S.C. § 924(a)(8). According to the Presentence Investigation Report, his total offense level jumped 4 offense levels because of his status as an armed career criminal. *See* Dkt. 29 ¶ 25. Without those extra 4 levels, his sentencing range would have been 130-162 months, compared to the sentencing range Judge Kapala adopted of 188-235 months. Even if Judge Kapala had sentenced him to the low-end of the non-armed career criminal range, his sentence would still have exceeded 10 years.

constitute a "change in the law" under U.S.S.G. § 1B1.13(b)(6). Mr. King could have raised a categorical mismatch during his proceedings under § 2255. Indeed, his § 2255 motion did argue a categorical mismatch, albeit regarding his three prior battery convictions, the 1997 conviction of aggravated battery, the 2004 conviction of felony domestic battery, and the 2008 conviction of aggravated battery. *See United States v. Perry King*, No. 16 CV 50196 (N.D. Ill.), Dkt. 1. Significantly, his counsel did not challenge Judge Kapala's reliance on his 1997 cocaine conviction as a predicate offense, even though the government asked Judge Kapala to do so, and Mr. King's own § 2255 motion discussed the categorical approach and cited *Taylor*.

In summary, *Ruth* was not a "change in law" creating an extraordinary and compelling reason for a compassionate release under U.S.S.G. §1B1.13(b)(6). The Court further notes that it would be entirely speculative to assume that his sentence would have been "grossly" lower post-*Ruth* because the government might not have been willing to drop the heroin charge had he not admitted to being an armed career criminal.

In the absence of any identified extraordinary and compelling reason, the Court need not address the government's argument that the Sentencing Commission exceeded its authority when it adopted U.S.S.G. § 1B1.13(b)(6).

In addition, because Mr. King has not identified an extraordinary and compelling reason for a compassionate release, the Court need not proceed to an evaluation of the sentencing factors under 18 U.S.C. § 3553(a). However, the Court again commends Mr. King for all of his post-sentencing accomplishments, including furthering his education and obtaining life and job skills that will benefit him once released. His hard work and dedication will serve him well upon his release and reintegration into society. However, in the absence of any extraordinary and compelling reason, Mr. King is ineligible for a compassionate release.

## CONCLUSION

For the reasons given, Mr. King's motions for a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [63] is denied.

Date: April 16, 2024     By: _____
                              Iain D. Johnston
                              United States District Judge